Parker C. J.
delivered the opinion of the Court. In the case as it now stands there is no evidence of property, of the chattels sued for, in the plaintiffs. Their claim is under an instrument dated the 12th of May, 1826, which ^purports to convey to Glover, one of the plaintiffs, all the materials in a shipyard then occupied by E. & H. Rogers : there is no schedule or specification of the articles which were intended to be passed under the terms, materials for building and finishing a ship. Taking this instrument in connexion with preceding ones of November 10, 1825, and the succeeding one of May 20, *225 1826, we have no doubt it would have passed all the timber and sticks which were actually selected and fitted for the vessel which by the first instrument was contracted to be built and by the last was transferred to Glover. But in order to give it effect, ttie plaintiffs should be able to show that the very sticks attached were the subjects of the transfer ; which they have failed to do. The witness called for this purpose was not able to identify them, except by a schedule taken after the attachment, and even with that he was unable to swear with any certainty as to the identity of the sticks. We think his testimony was rightly rejected, and this is ground enough for the nonsuit to stand.[1]
Another question arose as to the proof of property (supposing the timber could have been identified) in Lapham, who is joined with Glover as plaintiff in the suit. By his contract with Glover he became part owner of the ship,[2] but he had no legal ownership of the timber from which she might be built. He was not a party to the transfer from the Rogerses, and therefore ought not to have been joined in the action.

Motion to take off the nonsuit overruled.

 See Johnson v. Hunt, 11 Wendell, 135.

 See Glover v. Austin, ante, 221, 222.